THE CITY OF NEWARK, PROSECUTOR, v. ESSEX COUNTY BOARD OF TAXATION AND THE MONTANA POWER COMPANY, A CORPORATION OF NEW JERSEY, RESPONDENTS.

Submitted October 7, 1941—Decided January 19, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Raymond Schroeder* (*Joseph A. Ward,* of counsel).

For the respondents, *Lindabury, Depue & Faulks* (*Josiah Stryker* and *Edward N. Lippincott,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a tax case. The issue before us is whether the Essex County Board of Taxation erred in grant-

ing respondent's motion to dismiss in part prosecutor's complaint which sought, pursuant to *N. J. S. A.* 54:3-20, to have included in a personal property assessment for the year 1939, certain intangible personalty allegedly omitted by the assessor.

On November 28th, 1940, the tax collector of the City of Newark filed his complaint with the Essex County Board of Taxation alleging, generally stated, that respondent was,' on October 1st, 1938, the owner of certain personal property which was wholly omitted from the assessment rolls for the taxing year of 1939. The personal property in question was listed, in a schedule attached to the complaint and by reference made a part thereof as follows:

## "Schedule A."

Itemized list of specific personal property belonging to Montana Power Company located at 834 Broad Street, Newark, New Jersey, as of October 1st, 1938.

| | |
|---|---|
| Investment in associated companies | $8,180,554.46 |
| Other investments | 69,786.98 |
| Sinking funds | 55,290.46 |
| Cash | 1,025,748.56 |
| Special deposits | 59,816.67 |
| Working funds | 17,669.16 |
| Notes receivable | 120,404.60 |
| Accounts receivable | 2,159,580.98 |
| Subscriptions to capital stock | ´ 1,178.06 |
| Interest and dividends receivable | 6,701.63 |
| Rents receivable | 20,176.03 |
| Material and supplies | 524,978.03 |
| Prepayments | 40,816.06 |
| Other current and accrued assets | 1,877.75 |
| Deferred debits | 2,241,385.83 |
| Total | $14,525,965.26 |

The required notice of the filing of the complaint was given by the County Board to the taxpayer who in due season moved for an order striking all but that part of the complaint which sought "the assessment for the tax year 1939 of cash

in the amount of $1,025,748.56 alleged to have been owned by [respondent] on October 1st, 1938." The motion was bottomed upon the ground that the personalty, with the exception of the item of cash, sought to be included in the assessment, was not properly specified within the meaning of the Taxing Act (*N. J. S. A.* 54:3-20), and that the County Board therefore had no jurisdiction to consider the complaint. The motion prevailed and the Essex County Board of Taxation filed a "determination" dismissing the complaint "except as to the item of cash," and directing the parties to offer proofs to justify the making of such further determination as the facts might warrant. The City of Newark sought and obtained a writ of *certiorari* to review that "determination." Hence the matter is before us.

The statute pursuant to which these proceedings were taken (*N. J. S. A.* 54:3-20) requires that the tax collector *specify* the property allegedly omitted from the assessment rolls. The purpose is, of course, to apprise the taxpayer of the claims made, in order that he may have an opportunity to prepare his defense, if any he may have, to the proceeding. This court has held, with the approval of the Court of Errors and Appeals, that the taxpayer is entitled to know "what precise or specific property" is meant. *Milsch* v. *Township of Riverside,* 86 *N. J. L.* 603; 92 *Atl. Rep.* 436; *Duke Power Co.* v. *Essex County Board of Taxation,* 122 *N. J. L.* 589, 591; 7 *Atl. Rep.* (*2d*) 409; *affirmed,* 124 *N. J. L.* 41; 11 *Atl. Rep.* (*2d*) 21. See, also, *Duke Power Co.* v. *Somerset County Board of Taxation,* 124 *N. J. L.* 481; 12 *Atl. Rep.* (*2d*) 234; *affirmed,* 125 *N. J. L.* 431; 15 *Atl. Rep.* (*2d*) 460.

Without discussing in detail each item of property stated in "Schedule A," annexed to prosecutor's complaint, we desire to point out that in our opinion none of these items, except, of course, the item of cash, is properly specified. In no instance, save as to the item of cash, is respondent able to put its finger on any particular item, confident that it is as to that item that prosecutor directs its complaint. The descriptions given are most general not specific. They are characteristic of the descriptions generally appearing in modern skeletonized business statements. Such descriptions fail

to satisfy the statutory requirement that the omitted property be specifically stated. *N. J. S. A.* 54:3-20.

We have not overlooked the very recent decision by this court in the case of *Newark* v. *Essex County Board of Taxation,* 127 *N. J. L.* 314; 22 *Atl. Rep.* (2d) 562, in which it was held that one of the items involved therein, *"Consumers* Accounts Receivable $47,781.79," was sufficiently specific and therefore called for a defense. Obviously, reference to this item, both in the headnote to the opinion and in the body of the opinion, as "Accounts Receivable $47,781.79" referred to nothing other than the item which was in issue in that case, namely *"Consumers* Accounts Receivable $47,781.79." Thus notwithstanding the various classes of accounts receivable, the taxpayer knew that the precise or specific property meant to be included in the class of omitted property was *"Consumers* Accounts Receivable." Not so in the case at bar. Here, the item is "Accounts Receivable $2,159,580.98." Thus the taxpayer could not tell what class of Accounts Receivable were here meant. It was not properly specified.

We have examined all other points argued by prosecutor and find them to be without merit.

The writ is accordingly discharged, with costs.